■ MYRIAM GODIN et al., Respondents, v ALEXANDER MINOR, Defendant, and MEIER BYSTRICZKI et al., Appellants.—Order of the Supreme Court, New York County, entered in the office of the clerk on March 30, 1977, insofar as the order denied defendants-appellants' motion for summary judgment, unanimously reversed, on the law, to the extent appealed from and the motion to dismiss the action granted unless within 30 days from the date of the order to be settled herein, plaintiffs produce the X rays admittedly within their possession with an affidavit of authenticity thereof and said X rays bear a date within three years prior to August, 1976 so as to present a triable issue of fact that the last treatment of plaintiff Myriam Godin occurred within three years before August, 1976, the date that process herein was served on the deceased, without costs or disbursements. If such X rays are produced with an affidavit of authenticity and bear a date within three years prior to August, 1976, the order entered on March 30,

1977 is unanimously affirmed, without costs or disbursements. Defendants have made a showing that the last treatment of plaintiff Myriam Godin by the deceased Frieda Henkin, M. D., occurred no later than December, 1972 when X rays were taken of plaintiff Myriam Godin. Although plaintiffs allege that the last treatment occurred on October 10, 1974, defendants assert that they have no records to show that any radiological treatment was given to said plaintiff in October, 1974. The X rays taken by Dr. Henkin are said to be in possession of plaintiffs, and that assertion is not denied by plaintiffs. Defendants contend that X rays are customarily dated, and accordingly, if this evidence exists, it would settle the issue as to the last date from which the Statute of Limitations would begin to run. Plaintiffs should lay bare their proofs, in accordance with this order, to show that their contentions that X rays were taken by Dr. Henkin in October, 1974 are real and can be established (*Di Sabato v Soffes,* 9 AD2d 297). Settle order on notice. Concur—Kupferman, J. P., Lupiano, Birns, Evans and Sullivan, JJ.